115 T.C. No. 31


UNITED STATES TAX COURT


WILLIAM B. MEYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DIANE S. MEYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 2263-00L, 5001-00L.[1]   Filed November 7, 2000.


        R issued final notices of intent to levy to Ps.
The notices requested payment of frivolous return
penalties imposed under sec. 6702, I.R.C., for the
taxable years 1996 and 1997.  Ps requested an Appeals
Office hearing pursuant to sec. 6330(b), I.R.C.  On
Jan. 13, 2000, prior to conducting an Appeals Office
hearing, R issued determination letters to Ps stating
that R would proceed with collection.  On Feb. 23,
2000, the Court received and filed petitions for review
of R's determination letters that Ps had mailed to the
Court on Feb. 15, 2000.  R filed motions to dismiss the
petitions for lack of jurisdiction on the grounds:  (1)
The petitions were not filed within the 30-day period
prescribed in sec. 6330(d)(1), I.R.C.; and (2)
consistent with <u>Moore v. Commissioner</u>, 114 T.C. 171

_____

        [1] These cases are consolidated solely for the purpose of
disposing of the pending jurisdictional motions.

(2000), the Court lacks jurisdiction to review the disputed determination letters because the Court lacks jurisdiction over the underlying taxes (frivolous return penalty under sec. 6702).  Ps filed oppositions to R's motions asserting that the cases should be dismissed on the ground that the determination letters are invalid.

Held:  R's motions to dismiss will be denied.
Held, further,:  These cases will be dismissed on the ground that the determination letters are invalid.

William B. Meyer and Diane S. Meyer, pro se.

Katrine Shelton and Richard Goldman, for respondent.

OPINION

DAWSON, Judge:  These cases were assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4).[2]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  These cases are before the Court on respondent's Motions to Dismiss for Lack of Jurisdiction, as supplemented.  As discussed in detail below, we will dismiss these cases for lack of jurisdiction on the ground that respondent's Notices of Determination Concerning Collection Action are invalid.

_____

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On October 19, 1998, respondent issued a collection letter to William B. and Diane S. Meyer (petitioners) requesting that they pay frivolous return penalties under section 6702 in the amount of $500 for each of the taxable years 1996 and 1997. On February 25, 1999, respondent issued to petitioners separate final notices of intent to levy for the years 1996 and 1997.

Petitioners timely requested a hearing with the Internal Revenue Service Office of Appeals (Appeals Office) pursuant to section 6330(a). However, the appeals officer assigned to petitioners' case did not offer or schedule a hearing because his communications with petitioners led him to believe that they were challenging respondent's collection efforts solely on constitutional grounds.

On January 13, 2000, the Appeals Office issued to petitioners separate Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination letters) stating that all applicable laws and administrative procedures had been met and that respondent would proceed with collection against them for 1996 and 1997.

On or about February 4, 2000, petitioners wrote to the Appeals Office to complain that they had not received a hearing prior to the issuance of the above-described determination letters. On February 9, 2000, Appeals Officer Tony Aguiar wrote

to petitioners and informed them that he had scheduled a collection conference for February 11, 2000. His letter further stated that the conference would not extend the period during which petitioners were required to file a petition for review with the Tax Court regarding the determination letters dated January 13, 2000.

On February 23, 2000, petitioners filed with the Court separate petitions for review of respondent's determinations to proceed with collection. The petitions arrived at the Court in a single envelope bearing a U.S. Postal Service postmark date of February 15, 2000. At the time the petitions were filed, petitioners resided at Las Vegas, Nevada.

In response to the petitions, respondent filed Motions to Dismiss for Lack of Jurisdiction on the alternative grounds: (1) The petitions were not filed within the 30-day period prescribed in section 6330(d)(1)(A); and (2) because the Court generally lacks jurisdiction over the frivolous return penalty imposed under section 6702, section 6330(d) bars the Court from reviewing respondent's determination to collect such penalties.

Petitioners filed responses in opposition to respondent's motions to dismiss. They assert that the determination letters are invalid inasmuch as the Appeals Office issued the letters without first conducting a hearing as mandated under section 6330(b). Petitioners' responses are tantamount to (and will be

treated as) motions to dismiss for lack of jurisdiction on the ground that the determination letters are invalid.

Respondent subsequently supplemented his motions to dismiss, as directed by the Court, by providing the Court with Postal Service Form 3877 confirming that the Appeals Office mailed the disputed determination letters to petitioners on January 13, 2000.

These cases were called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and argued in support of respondent's motions to dismiss, as supplemented. Although petitioners did not appear at the hearing, they did file Rule 50(c) statements with the Court.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). These cases are before the Court pursuant to the collection review procedures set forth in section 6330.[3] Before

---

[3] Sec. 6330 was enacted under the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, and is effective with respect to collection actions initiated more than 180 days after July 22, 1998; i.e., Jan. 19, 1999. See RRA 1998 Pub. L. 105-206, sec. 3401(d), 112 Stat. 750.

proceeding with our analysis, we will briefly review the applicable statutory provisions.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter in the form of an Appeals Office hearing, and, if dissatisfied, given an opportunity for judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).[4]

---

[4] Sec. 6330(a)(3)(B) provides that the notice required under this section must include the right of the taxpayer to request a hearing. Sec. 6330(b)(1) provides:

SEC. 6330(b). Right to Fair Hearing.--

(1) In general.-If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.

Section 6330(c) prescribes the matters that may be raised by a taxpayer at an Appeals Office hearing. In sum, section 6330(c) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an opportunity to dispute such tax liability. See Sego v. Commissioner, 114 T.C. 604 (2000); Goza v. Commissioner, supra.

Section 6330(d) provides for judicial review of the Commissioner's administrative determination in pertinent part as follows:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Section 6330(d) imposes certain procedural prerequisites on judicial review of collection matters. Much like the Court's

deficiency jurisdiction, the Court's jurisdiction under section 6330(d) is dependent upon a valid determination letter and a timely filed petition for review.  See Rule 330(b).  Like a notice of deficiency under section 6213(a), an Appeals Office determination letter is a taxpayer's "ticket" to the Tax Court. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  See also Mulvania v. Commissioner, 81 T.C. 65, 67 (1983); see also Gati v. Commissioner, 113 T.C. 132, 134 (1999).  Moreover, a petition for review under section 6330 must be filed with the appropriate court within 30 days of the mailing of the determination letter. See McCune v. Commissioner, 115 T.C. __ (2000).

In addition to timely filing requirements, section 6330(d) limits the Tax Court's jurisdiction to the review of collection actions in which the underlying tax is of a type over which the Court normally has jurisdiction.  See Van Es v. Commissioner, 115 T.C. __ (2000)(dismissing a petition for review of a collection action pertaining to the frivolous return penalty); Moore v. Commissioner, 114 T.C. 171 (2000) (dismissing a petition for review of a collection action pertaining to trust fund taxes).

As indicated, respondent moves to dismiss on the alternative grounds:  (1) The petitions were not filed within the 30-day filing period prescribed in section 6330(d)(1)(A); and (2) the underlying liabilities (frivolous return penalties) are not matters over which the Court normally has jurisdiction.

Petitioners do not dispute either point. However, they contend that the cases should be dismissed on a third ground; i.e., that the determination letters are invalid.

There is no dispute that the Court lacks jurisdiction in these cases. Because the basis for dismissal may affect whether respondent may proceed with collection, we are obliged to determine the proper ground for dismissal. Assuming that respondent failed to issue valid determination letters, we will dismiss the cases on that basis, rather than on either of the alternative grounds upon which respondent's motions are based. See, e.g., Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. by unpublished opinion 935 F.2d 1282 (3d Cir. 1991).

The Court has not previously considered the elements necessary for a valid determination letter under section 6330. Suffice it to say, section 6330(b) contemplates that an Appeals Office hearing, if duly requested by the taxpayer, must precede the issuance of a determination letter. See Offiler v. Commissioner, supra. Section 6330(b)(1) plainly states that if a taxpayer "requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals."

In Katz v. Commissioner, 115 T.C. __, ___ (2000)(slip op. at 14-15), we recently held that the Commissioner had complied with the hearing requirement under section 6330(b)(1) by offering the

taxpayer a hearing at the Appeals Office located nearest the taxpayer's residence. We further concluded that, where the taxpayer had declined to attend the scheduled hearing on the ground that the location of the Appeals Office would impose an undue burden on his witnesses, the taxpayer nevertheless received an acceptable Appeals Office hearing by way of a telephone conference with the Appeals officer. See id. at ___ (slip op. at 15); see Davis v. Commissioner, supra (an Appeals Office hearing does not include the right to subpoena or examine witnesses).

The record in this case shows that the Appeals Office did not provide petitioners with an opportunity for a hearing either in person or by telephone prior to issuing the disputed determination letters. Consistent with the plain language of section 6330(b), we conclude that the disputed determination letters are invalid. The Appeals officer's attempt to invest the determination letters with legitimacy by scheduling a conference with petitioners after the issuance of the determination letters was too late in light of the clear mandate of section 6330.

Accordingly, we shall deny respondent's Motions to Dismiss for Lack Jurisdiction, as supplemented, and we shall dismiss these cases on the ground that the determination letters are invalid.

To reflect the foregoing,

- 11 -

<u>Appropriate orders of dismissal</u>
<u>will be entered</u>.