117 T.C. No. 18

UNITED STATES TAX COURT

DAVID J. AND JO DENA JOHNSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12616-00L.                    Filed November 30, 2001.

Ps filed returns for 1994, 1995, and 1996, in
which they reported their wages as income. Ps later
filed amended returns for those years in which they
reported no income and contended that wages are not
taxable. R assessed the frivolous return penalty
imposed by sec. 6702, I.R.C., for those years. After
offering Ps an opportunity to attend a prelevy hearing,
R issued a notice of determination under secs. 6320
and/or 6330, I.R.C.

Ps contend that R's determination is invalid
because R failed to comply with the hearing requirement
provided by sec. 6330(b)(1), I.R.C. R contends that we
lack jurisdiction under sec. 6330(d)(1)(A), I.R.C., to
review the determination because it relates to the
frivolous return penalty.

<u>Held</u>: We lack jurisdiction to review R's lien and
levy determination to proceed with collection of the

frivolous return penalty.  Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

Held, further, in a case in which we lack jurisdiction to review a lien and levy determination, we will no longer decide whether the hearing requirement was met.  We will no longer follow Meyer v. Commissioner, 115 T.C. 417 (2000), to the extent it holds to the contrary.

David J. and Jo Dena Johnson, pro se.

Horace Crump, for respondent.

OPINION

COLVIN, Judge:  On November 2, 2000, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330[1] (the lien or levy determination), in which respondent determined to proceed with collection from petitioners of the frivolous return penalty for 1994, 1995, and 1996.  In this opinion we decide:

1.  Whether we have jurisdiction under section 6330(d)(1)(A) to review respondent's determination under sections 6320 and/or 6330 to proceed with a collection action following respondent's assessment of the frivolous return penalty under section 6702 for 1994, 1995, and 1996.  We hold that we do not.  Van Es v.

_____

[1]  Unless otherwise stated, references to secs. 6320 and 6330 are to the Internal Revenue Code in effect in 2000, and other section references are to the Internal Revenue Code in effect for the years in issue.

Commissioner, 115 T.C. 324, 328-329 (2000). Thus, we will dismiss this case for lack of jurisdiction.

2. Whether we will decide if the hearing requirement under section 6330(b) has been met. We hold that we will not. We will no longer follow Meyer v. Commissioner, 115 T.C. 417 (2000), to the extent that it holds to the contrary.

References to petitioner are to David J. Johnson.

## Background

Petitioners lived in Milton, Florida, when they filed the petition in this case.

## A. Petitioners' Tax Returns

Petitioners filed returns for 1994, 1995, and 1996, in which they reported their wages as income. They later filed amended returns for those years in which they did not report any income, and contended that wages and salary reported as income on their original returns are not taxable. In attachments to each of those amended returns, petitioners stated:

1. No section in the Internal Revenue Code makes petitioners liable for the income taxes at issue.

2. Income is not defined in the Internal Revenue Code.

3. The Supreme Court defines income as corporate profit.

4. Wages are not corporate profit; thus, petitioners have no income.

5. Section 61 is invalid because it defines "gross income" by using the word "income".

6. Section 6702(b) states that the penalty imposed by subsection (a) shall be in addition to some other penalty being imposed, thus it cannot be imposed alone.

B. <u>The Lien and Levy Proceeding</u>

Petitioners received a "Final Notice - Notice of Intent to Levy & Your Notice of a Right to a Hearing" and filed a Request for a Collection Due Process Hearing (Form 12153), dated June 19, 2000.  In their request for a hearing, petitioners asked that the Appeals officer have at the hearing: (1) The name of respondent's employee who imposed the frivolous return penalty and his or her Federal ID number; (2) the delegation of authority from the Secretary authorizing persons to impose the frivolous return penalty; (3) official job descriptions of respondent's employees who imposed the frivolous return penalty; (4) copies of the regulations that allow Internal Revenue Service (IRS) employees to impose the frivolous return penalty; and (5) copies of the Code section that makes petitioners liable for income tax.

By letter dated July 7, 2000, respondent's Appeals officer, Gayla L. Owens (Owens), told petitioners that their case had been assigned to her.  She asked them whether they wanted a face-to-face conference in Mobile, Alabama, which is respondent's Appeals Office closest to their residence, or whether they preferred to handle the matter by telephone or correspondence.

By letter dated July 19, 2000, petitioner asked that the hearing not be scheduled before September 15, 2000, in part

because he said he was obtaining documents under the Freedom of Information Act that he said he might need in the hearing. Petitioner also asked for copies of the Code section and implementing legislative regulations that establish his liability.

By letter dated July 26, 2000, Owens scheduled a hearing for September 15, 2000, and again asked petitioner whether he preferred a face-to-face conference or to handle it by telephone. By letter dated August 18, 2000, petitioner told Owens that he would not attend a hearing for which he was not allowed to prepare, and that Owens had not responded to points he raised in earlier letters to her. In that same letter, petitioner stated, among other things, his views that: (1) The frivolous return penalties are illegal; (2) respondent's employees are subject to punishment under section 7214(a) for violating the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685; (3) the IRS is required to sue him for payment of the penalty; and (4) the IRS was harassing him. Petitioner also asked for a statement acknowledging that he did not question the constitutionality of the income tax when he filed his amended returns for the years in issue. He wrote in part:

> Therefore, I am requesting that you comply with IRS Code Section 6065 and send me a statement which "is verified by a written declaration that is made under

the penalties of perjury". Your statement should include the following:

Acknowledgment that you have the following documents in your possession so that I can review them at the hearing:

> a. Verification from the Secretary of the Treasury that the requirements of any applicable law or administrative procedure have been met. 6330(c)(1), 6703(a)
>
> b. The Treasury Regulation which allows IRS employees to impose the "frivolous" penalty, and the Treasury Regulation which requires me to pay it. 6703(a)
>
> c. The specific code section that makes me liable for the tax. 6330(c)(2)(B) (I am questioning the underlying liability.)

> \*       \*       \*       \*       \*       \*       \*

By letter dated September 6, 2000, Owens told petitioners that their claim that wages are not taxable income has been rejected by courts and is frivolous, and, thus, a return based on that theory is subject to the frivolous return penalty. Owens also told petitioners she would consider other items such as arranging for the payment of the penalty and asked petitioners to provide those items to her by September 21, 2000.

By letter dated September 22, 2000, petitioner said, among other things, that section 6330(c)(3) requires verification from the Secretary that requirements of applicable law and procedure have been met, and that he would not attend a hearing unless (1) Owens told petitioner in writing before the hearing, under penalty of perjury, that Owens had all of the documents

petitioner had requested, and (2) Owens arranged for the attendance at the hearing by the person who declared petitioners' Forms 1040X, Amended U.S. Individual Income Tax Return, to be frivolous and by the person who made the decision to levy petitioners' property without a court order.

C.   Respondent's Notice of Determination

On November 2, 2000, respondent sent petitioners a notice of determination concerning collection actions in which respondent determined to proceed with collection from petitioners of the frivolous return penalty for 1994, 1995, and 1996, and told petitioners that they have 30 days to file a complaint in the appropriate U.S. District Court for a redetermination.  The notice of determination appeared valid on its face.  Petitioners timely filed in this Court an appeal of respondent's determination.  On January 2, 2001, petitioners filed with the Court an amended petition for lien or levy action under section 6320(c) or section 6330(d).

## Discussion

A.   Whether the Tax Court Has Jurisdiction To Review Respondent's Determination Under Sections 6320 and 6330

We have previously held that we lack jurisdiction under section 6330(d)(1)(A) to review the Commissioner's determination to collect by levy the frivolous return penalty under section 6702.  Van Es v. Commissioner, 115 T.C. at 328-329.  That case

controls this issue, and thus we will dismiss this case for lack of jurisdiction.

B.  <u>Whether We Will Decide If Respondent Failed To Hold a Hearing as Required by Section 6330(b) in a Case in Which We Lack Jurisdiction To Review the Lien and Levy Determination</u>

Petitioners contend that respondent's determination is invalid because, according to petitioners, respondent failed to comply with the hearing requirement provided by section 6330(b)(1).

In <u>Meyer v. Commissioner</u>, 115 T.C. 417 (2000), as here, the taxpayers contended that we lacked jurisdiction to review the lien and levy determination on the ground that the section 6330(b) hearing requirement was not met.  The Commissioner moved to dismiss for lack of jurisdiction on the grounds that we lacked jurisdiction over the underlying tax liability (frivolous return penalty), see <u>Van Es v. Commissioner</u>, <u>supra</u>, and that the petitions were not filed within the 30-day period prescribed by section 6330(d)(1)(A).  We held in <u>Meyer</u> that we lacked jurisdiction on the ground that the determination letters were invalid because the Appeals Office did not provide the taxpayers with an opportunity for a hearing.  <u>Meyer v. Commissioner</u>, <u>supra</u> at 422-423; see sec. 6330(b).

Here, we lack jurisdiction to review respondent's lien and levy determination to proceed with collection of the frivolous return penalty.  <u>Van Es v. Commissioner</u>, <u>supra</u> at 328-329.

Because we lack jurisdiction to review respondent's lien and levy determination to proceed with collection of the frivolous return penalty, we will not decide whether the hearing requirement under section 6330(b) was met.  This is consistent with the principle that we need not decide whether a valid notice of deficiency was issued where we lack subject matter jurisdiction.[2]  See Yuen v. Commissioner, 112 T.C. 123, 130 (1999) (we need not decide whether a document sent by the Commissioner is a final determination where we lack jurisdiction over a claim for interest abatement).  We will no longer follow Meyer v. Commissioner, supra, to the extent it holds to the contrary.

The doctrine of stare decisis is important to this and other Federal courts.  Hesselink v. Commissioner, 97 T.C. 94, 99-100 (1991).  When we decided Meyer v. Commissioner, supra, lien and levy cases under section 6330 were new to this Court.  After an additional year of experience with section 6330, we no longer believe it is appropriate for us to decide whether the hearing requirement was met in a case over which we lack subject matter

---

[2]  Although it is not necessary for the holding herein, we note that in Lunsford v. Commissioner, 117 T.C. __ (2001), we held that we have jurisdiction under sec. 6330(d)(1)(A) when we have a facially correct notice of determination and a timely filed petition.

jurisdiction.  We conclude that stare decisis does not prevent us from reconsidering <u>Meyer v. Commissioner</u>, <u>supra</u>.

Accordingly,

<u>An order will be entered</u>

<u>granting respondent's</u>

<u>motion to dismiss for lack of</u>

<u>jurisdiction.</u>

Reviewed by the Court.

WELLS, COHEN, SWIFT, GERBER, RUWE, WHALEN, LARO, GALE, and THORNTON, <u>JJ</u>., agree with this majority opinion.

CHIECHI, FOLEY, and MARVEL, <u>JJ</u>., concur in result only.

VASQUEZ, J., concurring:  While I agree with the majority's conclusion that we lack jurisdiction under section 6330(d) to review the Commissioner's determination in this case, see Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000), I write separately because I disagree with the majority's discussion of Meyer v. Commissioner, 115 T.C. 417 (2000).

In Lunsford v. Commissioner, 117 T.C. ___ (2001) (Lunsford I), which also was released today, the majority undermined the clear language of section 6330 and the will of Congress by overruling the Court's holding in Meyer that a taxpayer is entitled to a section 6330 hearing prior to there being a determination upon which this Court's jurisdiction is predicated. In doing so, the majority in Lunsford I concluded that the hearing statutorily mandated by section 6330(b)(1) is not required prior to our obtaining jurisdiction.  Contrary to the majority's opinion in the instant case, Majority op. p. 9, after Lunsford I, there is nothing left in Meyer for the Court to follow.  Therefore, the majority's discussion of Meyer and stare decisis is unnecessary.

Additionally, I disagree with Judge Beghe's dissent that we should no longer follow our jurisprudence in Moore v. Commissioner, 114 T.C. 171 (2000), and Van Es v. Commissioner, 115 T.C. 324 (2000).

I.   Interpreting Section 6330(d)

First, Judge Beghe suggests that section 6330(d) is susceptible to the interpretation--indeed, one that he claims is

preferable--that the Tax Court has jurisdiction pursuant to section 6330(d)(1)(A) in all collection cases.  I disagree.

Section 6330(d) provides:

> (1) JUDICIAL REVIEW OF DETERMINATION.--The person may, within 30 days of a determination under this section, appeal such determination--
>
> > (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> >
> > (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Judge Beghe fails to explain how his interpretation is an acceptable, let alone preferred, reading of the statute.

A.    Section 6330(d)(1) Must Be Read as a Whole

A cardinal rule of statutory construction is that a statute is to be read as a whole because the meaning of language depends on its context.  See King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991).  The flush language contained at the end of the section states:  "If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."  Sec. 6330(d)(1) (emphasis added).  Thus, the district court can determine that appeal should have been to this Court, and we can determine that appeal should have been to the district court.

B. <u>Congress Knows How To Grant Unlimited Jurisdiction to One Court and Limited Jurisdiction to Another</u>

With regard to jeopardy assessments, section 7429(b)(2) provides:

(A) IN GENERAL.--<u>Except as provided in subparagraph (B)</u>, the district courts of the United States shall have <u>exclusive</u> jurisdiction over any civil action for a determination under this subsection.

(B) TAX COURT.--If a petition for redetermination of a deficiency under section 6213(a) has been timely filed with the Tax Court before the making of an assessment or levy that is subject to the review procedures of this section, and 1 or more of the taxes and taxable periods before the Tax Court because of such petition is also included in the written statement that is provided to the taxpayer under subsection (a), then <u>the Tax Court also shall have jurisdiction</u> over any civil action for a determination under this subsection with respect to all the taxes and taxable periods included in such written statement.  [Emphasis added.]

As the above shows, Congress knows how to give unlimited jurisdiction to one court and limited jurisdiction to another.

Section 7429(e)(2) further provides:

If a civil action is filed under subsection (b) with the Tax Court and such court finds that there is want of jurisdiction because of the jurisdiction provisions of subsection (b)(2), then the Tax Court shall, if such court determines it is in the interest of justice, transfer the civil action to the district court in which the action could have been brought at the time such action was filed. * * *

In stating which court is an incorrect court, in section 7429(e)(2) Congress used the proper noun "Tax Court" whereas in the flush language of section 6330(d)(1) Congress instead chose

to precede the noun "court" with the indefinite article "a". The use of the indefinite article, which does not fix the identity of the noun modified, supports the conclusion that the flush language of section 6330(d)(1) applies to both the Tax Court and the district courts. See Webster's II New Riverside University Dictionary 621 (1994).

C. Section 6330(d)(1) Must Be Read in the Context of the Statute

The section 6330(d)(1)(A) parenthetical language must be read in the context of the statute. See Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 41 (1995). Section 6015(e)(1) contains the same parenthetical language as section 6330(d)(1)(A); however, this same parenthetical language does not provide the Court with unlimited jurisdiction over section 6015 cases. Our jurisdiction to review section 6015 cases is not unlimited--in some cases the district court or United States Court of Federal Claims has jurisdiction and the Tax Court does not. Sec. 6015(e)(3)(C). Similarly, the language of section 6330(d)(1)(B) and the flush language limit and explain the parenthetical language contained in section 6330(d)(1)(A).

D. District Courts Agree With Van Es and Moore

Several district courts have explicitly agreed with our holdings in Moore and Van Es that our jurisdiction in lien and levy cases is not unlimited. The United States District Court for the Southern District of Texas held: "Courts have

interpreted these provisions [6330(d)(1)] to mean that district courts have jurisdiction under section 6330 <u>only if the Tax Court lacks jurisdiction</u>." <u>Lewis v. IRS</u>, 86 AFTR2d 2000-6839, 2000-2 USTC par. 50,837 (S.D. Tex. 2000) (emphasis added). The United States District Court for the Northern District of Texas held: "a district court has jurisdiction to hear this type of suit [a claim under 6330] <u>only if the Tax Court lacks jurisdiction</u>. * * * District Courts have jurisdiction under section 6330 <u>only if the Tax Court lacks jurisdiction</u>." <u>McCune v. United States</u>, 85 AFTR2d 2000-1240, 2000-1 USTC par. 50,279 (N.D. Tex. 2000) (emphasis added). The United States District Court for the Eastern District of Pennsylvania held that section 6330(d)(1) "provides for review to the Tax Court, <u>unless the Tax Court does not have jurisdiction</u>, in which case the appeal goes to a district court". <u>Hart v. IRS</u>, 87 AFTR2d 2001-1531, 2001-1 USTC par. 50,328 (E.D. Pa. 2001) (emphasis added).

II. "<u>Opening the Backdoor</u>"

Historically, the Tax Court has been a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). The grant of jurisdiction to review deficiencies determined by the Commissioner does not provide us with jurisdiction to review taxes imposed under subtitle C, subtitle D (with the exception of excise taxes

imposed by chapters 41, 42, 43, and 44), subtitle E, and various additions to tax and penalties.  See secs. 6211(a), 6214; Medeiros v. Commissioner, 77 T.C. 1255, 1259-1260 (1981) (section 6672 addition to tax); Judd v. Commissioner, 74 T.C. 651 (1980) (section 6652(c) addition to tax); Chatterji v. Commissioner, 54 T.C. 1402 (1970) (overpayment of FICA taxes); see also Fischer v. Commissioner, T.C. Memo. 1994-586 n.3 (section 6682 penalty); Hintz v. Commissioner, T.C. Memo. 1981-425 (overpayment of Railroad Retirement taxes), affd. 712 F.2d 281 (7th Cir. 1983).

Concluding that we had jurisdiction in this case would have allowed the Court to reach the merits of whether petitioners are liable for the frivolous return penalty pursuant to section 6702. Petitioners, however, could not have directly petitioned the Court to review whether they were liable for this penalty.  Sec. 6703(b), (c)(2).  Judge Beghe's interpretation would provide a backdoor through which taxpayers could slip through by waiting until collection to litigate liability for taxes, additions to tax, and penalties that they are prevented from petitioning this Court to review via our deficiency jurisdiction.

III. Stare Decisis

Principles of stare decisis weigh against overruling Moore and Van Es.  With regard to stare decisis, the Supreme Court has stated as follows:

> the important doctrine of stare decisis [is] the means
> by which we ensure that the law will not merely change

erratically, but will develop in a principled and intelligible fashion. * * * While stare decisis is not an inexorable command, the careful observer will discern that any detours from the straight path of stare decisis in our past have occurred for articulable reasons, and only when the Court has felt obliged "to bring its opinions into agreement with experience and with facts newly ascertained."  * * * every successful proponent of overruling precedent has borne the heavy burden of persuading the Court that changes in society or in the law dictate that the values served by stare decisis yield in favor of a greater objective. * * * [Vasquez v. Hillery, 474 U.S. 254, 265-266 (1986); citation omitted.]

Stare decisis is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principals, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.  Hesselink v. Commissioner, 97 T.C. 94, 99 (1991).

A.    Test for Overruling Prior Opinions

The U.S. Supreme Court has set forth the following four part test for use in determining whether to overrule a prior decision: (1) Whether the rule has proven to be intolerable simply in defying practical workability, (2) whether the rule is subject to a kind of reliance that would lend a special hardship to the consequences of overruling and add inequity to the cost of repudiation, (3) whether related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine, and (4) whether facts have so changed, or come to be seen so differently, as to have robbed the old rule of

significant application or justification.  <u>Planned Parenthood v. Casey</u>, 505 U.S. 833, 854-855 (1992).

The rules set forth in <u>Moore</u> and <u>Van Es</u> and followed by several opinions[1] and orders have not proven to be unworkable. Furthermore, in the months that have passed since the release of these opinions and orders, principles of law have not changed so much as to leave those cases as no more than a remnant of abandoned doctrine.  Additionally, facts have not so changed as to have robbed <u>Moore</u> and <u>Van Es</u> of significant application or justification.  Thus, the factors set forth by the Supreme Court in <u>Planned Parenthood</u> do not support Judge Beghe's suggestion that there are exceptional circumstances such that <u>Moore</u> and <u>Van Es</u> should be overruled.

B.    <u>Stare Decisis and Statutory Construction</u>

Stare decisis assumes increased importance when the antecedent cases involved the construction of a statute. <u>Brewster v. Commissioner</u>, 607 F.2d 1369, 1373-1374 (D.C. Cir. 1979), affg. 67 T.C. 352 (1976).  In such cases, Congress can cure any error made by the Court, and until it does the bar and

---

[1] See <u>Landry v. Commissioner</u>, 116 T.C. 60, 62 (2001); <u>Meyer v. Commissioner</u>, 115 T.C. 417, 421 (2000); <u>Katz v. Commissioner</u>, 115 T.C. 329, 338 (2000); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 n.6 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181 (2000); <u>Merriweather v. Commissioner</u>, T.C. Memo. 2001-88; <u>Boone Trust v. Commissioner</u>, T.C. Memo. 2000-350; <u>Loadholt Trust v. Commissioner</u>, T.C. Memo. 2000-349; <u>MacElvain v. Commissioner</u>, T.C. Memo. 2000-320; <u>Howard v. Commissioner</u>, T.C. Memo. 2000-319; <u>Anderson v. Commissioner</u>, T.C. Memo. 2000-311.

the public are justified in expecting the Court, except in the most egregious cases, not to depart from the previous interpretation. <u>Hesselink v. Commissioner</u>, <u>supra</u> at 100; <u>Burnet v. Coronado Oil & Gas Co.</u>, 285 U.S. 393, 406-408 (1932) (Brandeis, J., dissenting).

On December 21, 2000, in the Community Renewal Tax Relief Act of 2000 (CRTRA), Pub. L. 106-554, sec. 314(f), 114 Stat. 2763A-643, Congress legislatively overruled <u>Henry Randolph Consulting v. Commissioner</u>, 112 T.C. 1 (1999). In CRTRA, Congress also amended section 6330(d)(1) and chose to let the holdings in <u>Moore</u> and <u>Van Es</u> stand.[2] CRTRA sec. 313(d). The fact that Congress amended section 6330(d)(1) and chose not to overrule <u>Moore</u> and <u>Van Es</u> weighs heavily against overruling them. See, e.g., <u>Hesselink v. Commissioner</u>, <u>supra</u> at 100 (Congress can cure any error made by the Court).

## IV. Petitioners' "Delay Tactics"

I am not convinced that petitioners are delay seekers whose sole purpose in bringing this case was to gum up the works by unreasonably and vexatiously multiplying the proceedings.

I agree that the notice of determination instructed petitioners to bring their case in the district court.

---

[2] The only change Congress made to sec. 6330(d)(1) was to alter the language in the subsection (1)(A) parenthetical from "and the Tax Court shall have jurisdiction <u>to hear</u> such matter" to "and the Tax Court shall have jurisdiction <u>with respect to</u> such matter". CRTRA sec. 313(d), 114 Stat. 2763A-643 (emphasis added).

Petitioners, however, decided to petition the Tax Court based on our decision in Meyer v. Commissioner, 115 T.C. 417 (2000). In both their petition and amended petition, petitioners state that in a similar case (Meyer) this Court assumed jurisdiction. Their argument is not that we have jurisdiction to review a determination regarding a section 6702 penalty but that they were not provided a hearing. Further, petitioners contend that in a similar case involving a section 6702 penalty (Meyer) the Court held that we had jurisdiction to review whether the taxpayer was provided a hearing.

The following colloquies took place at the hearing on the motion:

THE COURT: That's right. I've seen the file. Do you want to say anything this morning on behalf of the motion or in opposition to the motion?

PETITIONER: Judge, I've sent in an objection to the motion that technically the Court does not have jurisdiction regarding frivolous penalties, but it does have jurisdiction based on the Meyer case, which I cited in my objection, that this is a matter of not receiving a due-process hearing * * * We did ask for the hearing within the 30 days and did not get the hearing when a determination was made.

* * *

THE COURT: Mr. Johnson is not speaking this morning to the merit of the position he's taking. He's saying that, regardless of the merit of the position, he's entitled to a hearing. Is that correct Mr. Johnson?

PETITIONER:   That's correct sir.  Yes, sir.

                        * * *

THE COURT:    Okay.  Now, what else--Mr. Johnson, do you want to say anything else in opposition to the Government's motion?

PETITIONER:   Judge, my position is strictly that this whole case has to do with whether or not the Tax Court has jurisdiction to rule on a violation of Section 6330 of the Internal Revenue Code, and it is not addressing the frivolous penalty as such, even though that is the underlying part of this case. This motion to dismiss is based upon frivolous penalty; my objection has to do with Section 6330 of the Code, that I've not had a due-process hearing and that the Government has admitted that I've not had a due-process hearing.

                        * * *

THE COURT:    Mr. Crump, do you think that the Tax Court has jurisdiction to decide the Johnsons' claim relating to the hearing?

RESPONDENT:   Based on my reading of Meyer, I would--I think so.

                        * * *

THE COURT:    All right.  Now, Mr. Johnson, * * * if the hearing requirement was not met, what do you think the Court should do here?

PETITIONER:   As requested in my petition, I believe that the determination should be vacated and that it should go back to due-process hearing.  * * * If I could have a due-process hearing * * * [and a determination is made against me] then I will appeal to district court, which then it would be the proper place, but I think that I do have to have that hearing in order to fulfill the requirements here in Code Section 6330.

THE COURT:    All right. * * *  If the hearing requirement was met--if I decide the hearing requirement was met, what action do you think the Court should take here?

PETITIONER:     Well, then I would suppose that the only action you could take would be to honor the request to dismiss for lack of jurisdiction * * * and then I would have to appeal to district court.

On this record, I am not convinced petitioners petitioned this Court in an attempt to delay the proceedings. If a taxpayer instituted the proceedings for delay, the proper action is to sanction the taxpayer pursuant to section 6673(a) as we warned in Pierson v. Commissioner, 115 T.C. 576, 581 (2000). See also Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a $4,000 penalty pursuant to section 6673(a) for frivolous and groundless arguments).

LARO, J., agrees with this concurring opinion.

BEGHE, J., dissenting:  I respectfully dissent from the granting of respondent's motion to dismiss for lack of jurisdiction.  The Court's action perpetuates needless inefficiency in judicial administration of the new collection provisions and plays into the hands of tax protesters. Petitioners have gummed up the works, created delay in the collection of relatively small amounts obviously due, and multiplied the proceedings with respect to frivolous return penalties whose assessment properly bypassed the deficiency procedures of the Tax Court.

The Court should have denied the motion and taken jurisdiction, overruled Van Es v. Commissioner, 115 T.C. 324 (2000), and put an end to the matter by holding that the hearing requirement was satisfied and that respondent's determination to collect the assessments should be upheld.  By electing to petition the Tax Court, rather than the appropriate district court, petitioners should have been held to have waived their right to appeal the Appeals officer's determination that they were liable for the frivolous return penalties.[1]

---

[1] Applying the doctrine of waiver would have been especially appropriate in the case at hand, where the arguments made in the attachments to petitioners' amended returns are patently frivolous and have been repeatedly rejected in our published opinions.  Petitioners argued that no section of the Internal Revenue Code makes them liable for income taxes on their wages. See United States v. Connor, 898 F.2d 942, 943-944 (3d Cir. 1990) ("Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income"); see also Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614

(continued...)

Section 6330 is susceptible to the interpretation--indeed, in my view, it's the preferred reading--that the Tax Court has jurisdiction under section 6330(d)(1)(A) in all collection cases, with a district court having concurrent jurisdiction under section 6330(d)(1)(B) in cases in which the Tax Court lacks jurisdiction of the underlying tax liability. The delays encountered in judicial administration of the new collection

---

[1](...continued)
F.2d 159 (8th Cir. 1980) (entire amount received for services constitutes income); United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983) (argument that wages and salaries are not income is "totally lacking in merit"). Petitioners argued they owe no taxes because "income" is not separately defined in the Internal Revenue Code, or because the definition of "gross income" in sec. 61 uses the word "income." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955) made clear that the language of sec. 61 is entirely appropriate for "Congress to exert in this field 'the full measure of its taxing power.'" In Liddane v. Commissioner, T.C. Memo. 1998-259, affd. without published opinion 208 F.3d 206 (3d Cir. 2000), and Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995), we found these arguments to be frivolous and imposed a penalty on the taxpayer under sec. 6673(a)(1) for making them. Petitioners' syllogism that the Supreme Court defines income as corporate profit, and that since wages are not corporate profit he did not have any income, was rejected as frivolous in Ghalardi Income Tax Educ. Found. v. Commissioner, T.C. Memo. 1998-460. Petitioners' final argument that a penalty under sec. 6702(b) cannot be imposed independently of another penalty because the statute says that "the penalty imposed by subsection (a) shall be in addition to any other penalty provided by law" is textually absurd. These frivolous arguments, combined with the petition to this Court for a redetermination of assessed frivolous return penalties after written notice from the Commissioner that the appeal is properly filed in an appropriate district court, evidence intent to cause unnecessary delay and expense. In these circumstances, the election to file a petition in this Court should have been held a waiver of the right of access to remedies the majority holds we are unable to provide.

provisions, delays we take notice of in the companion case of Lunsford v. Commissioner, 117 T.C. ____ (2001) (jurisdictional opinion) (slip op. at 10), satisfy the exceptional circumstances conditions set forth in Planned Parenthood v. Casey, 505 U.S. 833, 854-855 (1992), for reconsideration and repudiation of recent precedent.

Against this background of judicial abstention, what next? At the risk of presumptuousness in drawing additional attention to ambiguities in the statute, I hope that this case will lead to congressional reconsideration and enactment of a more explicit grant of jurisdiction to this Court to provide one-stop shopping in all cases under sections 6320 and 6330. In the aftermath of September 11, 2001, the reminder that "taxes are the life-blood of government, and their prompt and certain availability an imperious need",[2] should trump self-imposed Alphonse and Gaston jurisdictional niceties.

Finally, let me lay to rest any concerns that this dissenting opinion publicizes ambiguities other tax protesters will exploit to create unjustified delays in collection of assessments. From now on until the ambiguities are cured, any taxpayer who files a petition with the Tax Court in a collection case in which the Tax Court does not have jurisdiction of the

[2] Bull v. United States, 295 U.S. 247, 259 (1935); see also Tyler v. United States, 281 U.S. 497, 503 (1930).

underlying tax liability may be found to have done so "primarily for delay" and hit with a penalty of up to $25,000 under section 6673(a)(1)(A). Anyone admitted to practice in this Court who files such a petition may be found to have "multiplied the proceedings * * * unreasonably and vexatiously" under section 6673(a)(2) and required to "pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct".[3]

It's beyond cavil that courts of limited jurisdiction, including the Tax Court, have inherent power to protect their processes from abuse by awarding sanctions and costs even though they lack jurisdiction over the underlying dispute. Willy v. Coastal Corp., 503 U.S. 131 (1992) (sanctions under Fed. R. Civ. P. 11, allowed even though case dismissed for want of subject matter jurisdiction); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) (same where complaint voluntarily dismissed before

---

[3] Taxpayers in frivolous return penalty and employment tax penalty cases who wish to dispute the Commissioner's collection determination are already being put on notice that they should file a complaint with the appropriate district court. Following our opinion in Van Es v. Commissioner, 115 T.C. 324 (2000), the Commissioner apparently changed the form of notice of determination in frivolous return penalty collection cases to tell the taxpayer to file a complaint in the appropriate district court. The notice of determination in the case at hand so stated, but petitioners disregarded the notice and filed a petition with the Tax Court. Similarly, the taxpayer in Moore v. Commissioner, 114 T.C. 171 (2000), an employment tax penalty collection case, disregarded the instruction in the notice of determination to file a complaint in the appropriate district court.

answer filed); <u>Sponza v. Commissioner</u>, 844 F.2d 689 (9th Cir. 1988)(approving award of section 7430 litigation costs after determination that Tax Court lacked jurisdiction); <u>Weiss v. Commissioner</u>, 88 T.C. 1036 (1987), affd. sub silentio 850 F.2d 111 (2d Cir. 1988) (same); see also <u>Dang v. Commissioner</u>, 259 F.3d 204 (4th Cir. 2001).

HALPERN, <u>J</u>., agrees with this dissenting opinion.