T.C. Memo. 2002-251

UNITED STATES TAX COURT

MICHAEL E. NESTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 5372-00L.               Filed October 1, 2002.

Michael E. Nestor, pro se.

David C. Holtz, for respondent.

SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Petitioner filed the petition in this case
under section 6330(d) seeking our review of respondent's
determination that collection by levy was appropriate.  The sole
issue for decision is whether respondent's determination to

---

[*] This Memorandum Opinion supplements Nestor v.
Commissioner, 118 T.C. 162 (2002).

proceed with collection with respect to petitioner's tax years 1990-91 was an abuse of discretion. We hold that it was not.

Section references are to the Internal Revenue Code as amended.

FINDINGS OF FACT

Petitioner resided in California when he filed the petition in this case.

A.  Petitioner's Tax Returns and the Notices of Deficiency

Petitioner filed purported Federal income tax returns for 1990-96 in May 1997, and he timely filed a purported 1997 return. On each return, he reported that he had no wages, other income, or tax liability. After petitioner filed those tax returns and before October 1999 (when respondent issued the notice of intent to levy discussed at paragraph B, below), respondent assessed the frivolous return penalty under section 6702[1] for 1990-97.

Respondent issued notices of deficiency to petitioner for each of his 1990-97 tax years determining deficiencies and additions to tax as follows:

---

[1] We will dismiss for lack of jurisdiction the portion of this case that relates to the frivolous return penalties for tax years 1990-91. Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

|      |            | Additions to tax |          |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
|------|------------|--------------|-----------|
| 1990 | $2,006     | $493.00      | $129.46   |
| 1991 | 1,834      | 455.75       | 104.73    |
| 1992 | 2,201      | 550.25       | -0-       |
| 1993 | 2,021      | 493.75       | -0-       |
| 1994 | 1,954      | 254.02       | -0-       |
| 1995 | 2,899      | 202.93       | -0-       |
| 1996 | 2,951      | 29.49        | 156.93    |
| 1997 | 2,996      | 89.88        | -0-       |

Petitioner received the notices of deficiency for 1992-97, but not for 1990 or 1991.

B.   The Lien and Levy Proceeding

On October 21, 1999, respondent issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to petitioner's 1990-97 tax years.  On November 17, 1999, petitioner filed a Form 12153, Request for a Collection Due Process Hearing, for tax years 1990-98[2] and contended that: (1) There was no valid assessment of taxes; (2) he did not receive the statutory notice and demand for payment of the taxes at issue; (3) he did not receive a valid notice of deficiency; and (4) the amount of the underlying tax liability was incorrect.

C.   The Section 6330 Hearing and Respondent's Notice of
     Determination

On December 28, 1999, respondent's Appeals Office conducted a hearing in petitioner's case for tax years 1990-97.

_____

[2]  The record is silent as to why petitioner requested a hearing with respect to tax year 1998.  Because respondent's notice of intent to levy did not include 1998, that year was not at issue at the hearing.

Petitioner attended the hearing.  He was not given an opportunity to challenge his underlying tax liability for 1990-97 at the hearing.  At the hearing, petitioner did not challenge the appropriateness of the intended method of collection, offer an alternative means of collection, or raise a spousal defense to collection.

On April 7, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330 (the lien or levy determination), in which respondent determined to proceed with collection of deficiencies in petitioner's income tax, additions to tax, interest, and the frivolous return penalty for 1990-97.  On May 8, 2000, petitioner filed a petition for lien or levy action under section 6320(c) or 6330(d).

D.   The Prior Proceedings and Remand of Petitioner's 1990-91 Tax Years

In Nestor v. Commissioner, 118 T.C. 162 (2002), we held that petitioner may not contest his underlying tax liability for tax years 1992-97 because he received notices of deficiency for those years, section 6330(c)(2)(B), and that respondent's determination to proceed with collection with respect to petitioner's tax years 1992-97 was not an abuse of discretion.  However, because petitioner did not receive the notices of deficiency for 1990 or 1991 and was not given an opportunity to challenge his underlying tax liability for those years at the Appeals Office hearing, we

issued an order remanding petitioner's tax years 1990-91 to the Commissioner to provide an opportunity for a hearing pursuant to section 6330(b) relating to petitioner's Federal income tax liability for 1990-91.

In our order remanding petitioner's 1990-91 tax years to respondent, we stated:

> Petitioner's litigation position so far in this case prompts us to question whether he will use the hearing ordered herein to raise bona fide issues relating to his underlying tax liability for 1990 and 1991. If he uses that hearing only to raise frivolous issues, like those rejected in Nestor v. Commissioner, 118 T.C. [162] (2002), we will consider an appropriate dispositive motion made by respondent and imposition of a penalty of up to $25,000 under section 6673.

We also ordered the parties to file a status report with the Court concerning petitioner's 1990-91 tax years.

E. The Opportunity for a Hearing Relating to Petitioner's 1990-91 Tax Years

On May 7, 2002, respondent's Appeals Office sent petitioner a letter stating that the section 6330(b) hearing relating to petitioner's 1990-91 tax years was scheduled for May 23, 2002. On May 17, 2002, petitioner called respondent's Appeals officer and said he could not attend a hearing on May 23, 2002. He asked that the hearing be rescheduled for October 12, 2002. The Appeals officer told petitioner that he would reschedule the hearing for a date on or before June 28, 2002, the date the parties were due to file the status report ordered by the Court. Petitioner stated that he would call the Appeals Office on May

23, 2002. He did not do so, nor did he attend the hearing on May 23, 2002. Respondent filed a report with the Court in which respondent reported that petitioner did not propose an alternate date for a hearing other than October 12, 2002, nor did he otherwise correspond with the Appeals officer.

We ordered petitioner to respond to respondent's report and to show cause why the circumstances reported by respondent do not provide a sufficient basis to enter a decision for respondent. Petitioner's response consisted of copies of the order to show cause, sections 601.102 through 601.105, Statement of Procedural Rules, and an index from the Code of Federal Regulations. He affixed to the pages five self-sticking, removable notes containing the following statements: "Requested a postponement to later date and was denied. Michael Nestor", "Enclosed is material I would use at a hearing", "No substitute return was ever offered by IRS. Surprise, surprise", "Still can't find law that requires me to pay an income tax", and "If you can find the law please mail it to me. Thank you".

OPINION

A. Background

Respondent made a determination under section 6330 for tax years 1990-97, and petitioner filed a timely petition for review. Thus, we have jurisdiction under section 6330(d)(1)(A) to review respondent's determination to proceed with collection of income

tax and additions to tax for petitioner's tax years 1990-91.[3]
Johnson v. Commissioner, 117 T.C. 204, 209 (2001); Lunsford v.
Commissioner, 117 T.C. 159, 164-165 (2001).[4]

In Nestor v. Commissioner, supra, petitioner was provided an
Appeals Office hearing relating to 1990-97 at which he raised
only frivolous arguments. We held that respondent's
determination to proceed with collection of the tax liabilities
assessed against petitioner for 1992-97 was not an abuse of
discretion. By order, we remanded petitioner's 1990-91 tax years
because he did not receive notices of deficiency for 1990-91 and
at the hearing did not have an opportunity to contest the
underlying tax liabilities for 1990-91. Sec. 6330(c)(2)(B).

B.   Whether Respondent's Determination To Proceed With
     Collection as to 1990-91 Was an Abuse of Discretion

Petitioner previously made frivolous arguments in the
proceedings conducted with respect to his 1992-97 years. See
Nestor v. Commissioner, supra at 167. He did not challenge the
appropriateness of respondent's intended method of collection,

---

[3] Although respondent determined to proceed with collection
as to petitioner's 1990-97 tax years, we consider here only
petitioner's 1990-91 tax years. We addressed petitioner's 1992-
97 tax years in Nestor v. Commissioner, 118 T.C. 162 (2002).

[4] At the time of trial in this case, it appeared that
respondent's failure to offer a hearing was a jurisdictional
defect. Meyer v. Commissioner, 115 T.C. 417 (2000). However,
after trial, this Court ruled that it would no longer follow
Meyer. Lunsford v. Commissioner, 117 T.C. 159 (2001).

offer an alternative means of collection, or make any bona fide claim that collection was not appropriate. His conduct throughout those proceedings was designed to delay resolution of his 1992-97 tax years. Thus, we warned petitioner in the order remanding his 1990-91 tax years that, if he continued to raise frivolous issues in the hearing on the 1990-91 tax years, we would consider imposition of a penalty under section 6673.

On remand, petitioner was offered but did not attend a hearing relating to his 1990-91 tax years. Instead, he tried to delay the hearing for 5 months. He made no attempt to challenge the existence or amount of the underlying tax deficiencies for 1990-91, and he did not otherwise contact respondent regarding his 1990-91 tax years. His response to the order to show cause was nonresponsive and contained the same frivolous contentions he raised in Nestor v. Commissioner, supra. It is clear that petitioner instituted and maintained this proceeding solely for delay, and that he does not intend to properly prosecute his 1990-91 tax years.

Petitioner has given no bona fide basis for his objection to the collection action. We conclude that respondent's determination to proceed with collection of the tax liabilities assessed against petitioner for 1990-91 was not an abuse of discretion.

C.    Whether To Impose a Penalty Under Section 6673

We consider on our own motion whether this Court should impose a penalty against petitioner under section 6673(a).  The Court may require the taxpayer to pay a penalty to the United States of not more than $25,000 if the taxpayer instituted or maintained proceedings primarily for delay, if the taxpayer's position is frivolous or groundless, or if the taxpayer unreasonably failed to pursue administrative remedies.  Sec. 6673.

In remanding petitioner's 1990-91 years, we warned him that, if he used the hearing to raise only frivolous issues as he did in Nestor v. Commissioner, supra, we would consider an appropriate dispositive motion and imposition of a penalty under section 6673.  Despite this, petitioner persisted in maintaining frivolous positions in his response to the order to show cause, and he sought to delay a hearing relating to his 1990-91 tax years.  Petitioner's attempt to delay the hearing for 5 months, his failure to reschedule it, and his continuing to make frivolous arguments show that petitioner maintained this proceeding primarily for delay, his positions in this proceeding are frivolous and groundless, and he unreasonably failed to pursue administrative remedies.  Sec. 6673(a)(1).  We do not countenance the use of this Court, and lien and levy procedures under section 6330, by taxpayers to pursue frivolous arguments

and to delay their inevitable reckoning with respondent. Accordingly, we award a penalty to the United States under section 6673 in the amount of $5,000.  See Roberts v. Commissioner, 118 T.C. 365, 373 (2002) (Court imposed a $10,000 penalty under section 6673(a) on taxpayer who instituted or maintained action under section 6330 primarily for delay); Davis v. Commissioner, T.C. Memo. 2001-87 (Court imposed a $4,000 penalty under section 6673(a) for frivolous and groundless arguments in lien and levy case).

Accordingly,

An appropriate order and decision will be entered.