114 T.C. No. 11


UNITED STATES TAX COURT



JANET N. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16440-99L.                    Filed March 17, 2000.



        P was an officer of a corporation that failed to
pay Federal trust fund taxes.  R determined that P is
liable for a penalty pursuant to sec. 6672, I.R.C.,
equal to the unpaid taxes.  After R initiated a
collection action against P, P received a due process
hearing with R's Boston Appeals Office.  R issued a
determination letter to P stating that R would proceed
with collection.  P filed a petition for review of R's
administrative determination with the Court.  R filed a
motion to dismiss for lack of jurisdiction.

        <u>Held</u>:  The Court's jurisdiction to review an
administrative determination respecting a collection
matter is limited to cases where the underlying taxes
are of a type over which the Court normally has
deficiency jurisdiction.  Secs. 6320(c), 6330(d),
I.R.C.  <u>Held</u>, <u>further</u>, because the Court lacks
jurisdiction over the penalty that R is attempting to
collect, the Court lacks jurisdiction to review the
administrative determination in dispute.

Janet N. Moore, pro se.

John R. Mikalchus and Kerry Bryan, for respondent.


# OPINION

COHEN, Chief Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.  Unless otherwise indicated, section references are to sections of the Internal Revenue Code as amended, and Rule references to the Tax Court Rules of Practice and Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.  As discussed in detail below, we shall grant respondent's motion.

## Background

Janet N. Moore (petitioner) was an officer of Atlas Elevator Company (Atlas).  Atlas failed to pay over to the Government what respondent refers to as Federal trust fund taxes (Federal Insurance Contributions Act taxes under sections 3101 et seq., and employee income tax withholding under sections 3401 through

3406 and 3509) for the periods ending March 31, 1994, and June 30, 1995. Respondent subsequently determined that petitioner was liable for a penalty pursuant to section 6672 equal to the unpaid taxes.[1]

Respondent subsequently initiated a collection action against petitioner. On September 2, 1999, respondent's Boston Appeals Office issued a notice of determination to petitioner stating in pertinent part:

> We have reviewed the proposed collection action for the periods [May 31, 1994 and June 30, 1995]. This letter is your legal Notice of Determination, as required by law. * * *
>
> If you want to dispute this determination in court, <u>you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.</u>
>
> *     *     *     *     *     *     *
>
> Summary of Determination:
>
> 1. It has been determined that all requirements of administrative procedure and applicable law have been met with regards to the proposed collection action.

---

[1] Sec. 6672(a) provides in pertinent part:

> SEC. 6672(a). General Rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. *  *  *

2. You have offered funds for settlement which are currently being litigated in the Atlas Elevator bankruptcy case.  Receipt of these funds by the Service is dependent on bankruptcy law.  The funds will not be sufficient to liquidate the entire corporate debt.  Your personal financial statement indicates an ability to make monthly payments in the amount of $1,424 per month.  Payments to junior creditors and college education expenses have been disallowed.  You have declined to pay this amount and have offered no other alternatives other than settlement for whatever funds the Bankruptcy Court turns over.

3.  The proposed collection action is approved to the limit of $1,424 per month.  This amount balances your concerns about the intrusiveness of the collection action with the need for the efficient collection of taxes.  Any contemplated seizure of your personal residence is not approved.  * * *  [Emphasis added.]

On September 30, 1999, petitioner filed with the Court a petition for review of respondent's determination letter.  The petition states in pertinent part that the amount that respondent is attempting to collect from petitioner is unreasonable due to financial hardship.

As indicated, respondent filed a motion to dismiss for lack of jurisdiction.  Respondent contends that the Court's jurisdiction to review administrative determinations respecting collection matters is limited to cases where the underlying tax liability is of a kind within the Court's normal deficiency jurisdiction.  Respondent asserts that the Court lacks jurisdiction over the Federal trust fund taxes at issue in this case, and, therefore, the Court lacks jurisdiction to review respondent's administrative determination to proceed with

collection against petitioner. Petitioner filed an objection to respondent's motion to dismiss.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and argued in support of the motion to dismiss. No appearance was made by or on behalf of petitioner at the hearing.

Discussion

Section 6321 provides that, if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Section 6323 generally requires the Commissioner to file a Notice of Federal Tax Lien with the appropriate State office or the local Federal District Court.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685,

746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters. Sections 6320 and 6330 are effective with respect to collection actions initiated more than 180 days after July 22, 1998 (January 19, 1999). See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6320(a)(1) requires the Commissioner to provide notice to a person described in section 6321 of the filing of a notice of lien under section 6323. Section 6320(a)(3) and (b) provides that the person described in section 6321 is entitled to notice of and the opportunity for an administrative review of the lien in the form of an Appeals Office due process hearing. Section 6330 provides for a similar due process hearing where the Commissioner has proposed to levy on the taxpayer's property. Section 6320(c) adopts the procedures set forth in section 6330(c), (d), and (e) governing the issues that may be raised in a due process hearing and the means for obtaining judicial review of the matter. See Goza v. Commissioner, 114 T.C. ___ (2000).

Section 6330(d) provides for judicial review of an administrative determination respecting a collection matter in pertinent part as follows:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

In short, section 6330(d) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court where the Court has jurisdiction of the underlying tax liability.

The Court's deficiency jurisdiction generally is limited to the redetermination of income, estate, and gift taxes. See secs. 6211, 6213(a). While Congress clearly intended for section 6330 to provide an opportunity for judicial review of collection matters, we interpret section 6330(d)(1)(A) and (B) together to mean that Congress did not intend to expand the Court's jurisdiction beyond the types of taxes that the Court may normally consider. Thus, section 6330(d)(1)(A) and (B) provides for Tax Court jurisdiction except where the Court does not normally have jurisdiction over the underlying liability.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In the present case, respondent is attempting to collect Federal

trust fund taxes from petitioner by way of a penalty imposed under section 6672.

Section 6672(c)(2) contemplates that the Federal District Court or the Court of Federal Claims shall have jurisdiction to determine a taxpayer's liability for a penalty imposed under that section. The Tax Court does not have jurisdiction to redetermine the taxes that respondent is attempting to collect in this case. See <u>Henry Randolph Consulting v. Commissioner</u>, 112 T.C. 1 (1999).

Consistent with section 6330(d)(1), it follows that this Court does not have jurisdiction to review the administrative determination at issue herein. However, petitioner is not without a remedy. Pursuant to the final flush language of section 6330(d)(1), petitioner has 30 days from the date of the Court's order dismissing this case to file an appeal with the appropriate Federal District Court.

To reflect the foregoing,

<u>An order of dismissal</u>

<u>will be entered.</u>