T.C. Summary Opinion 2001-175


UNITED STATES TAX COURT


PETER J. TKAC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3556-00S.                    Filed November 14, 2001.


Peter J. Tkac, pro se.

Roger W. Bracken, for respondent.


GERBER, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered may not be reviewed by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue.

On March 13, 2000, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The collection activity concerned petitioner's assessed and unpaid 1992 income tax liability and frivolous income tax return penalties for the 1994, 1995, and 1996 tax years pursuant to section 6702(a). Petitioner, on March 27, 2000, petitioned this Court requesting that we vacate respondent's March 13, 2000, determination; require that respondent conduct a proper collection due process hearing; and order respondent to provide petitioner with the documents that petitioner had requested. At the time he filed his petition, petitioner resided in Gaithersburg, Maryland.

Petitioner, on May 21, 2001, moved to dismiss on the ground that respondent's determination is invalid because respondent did not provide petitioner with a hearing as defined in the statute. Respondent on June 7, 2001, before the hearing scheduled for petitioner's motion, moved to dismiss for lack of this Court's jurisdiction and to strike as to the section 6702 frivolous return penalties for 1994, 1995, and 1996. At the hearing on the parties' motions, respondent conceded petitioner's unpaid 1992 income tax liability.

If the Court otherwise has jurisdiction over a case, a full concession by the Commissioner as to the amount in dispute does not cause the Court to lose jurisdiction; the Court would not

dismiss for lack of jurisdiction but would enter a decision of no tax owed.

Our review of collection due process proceedings is limited to cases in which the subject taxes are of a type over which we normally have jurisdiction. Sec. 6330(d)(1)(A) and (B); Moore v. Commissioner, 114 T.C. 171, 175 (2000). As to petitioner, respondent's determination concerned 1992 income tax and 1994, 1995, and 1996 frivolous return penalties under section 6702. The Court does not have jurisdiction to review respondent's determination as it relates to petitioner's section 6702 penalties for 1994, 1995, or 1996. See Van Es v. Commissioner, 115 T.C. 324, 329 (2000). Accordingly, we are compelled to grant respondent's motion to dismiss and to strike this case insofar as it relates to the section 6702 penalties for lack of our jurisdiction over the subject matter.[2]

Respondent contends that his concession of petitioner's 1992 income tax liability obviates the need for us to decide whether petitioner had a proper due process collection hearing and related matters asserted by petitioner. Petitioner's motion to dismiss seeks dismissal on the ground that respondent's determination was, for several reasons, invalid. The only relief that we may provide petitioner is with respect to his 1992 income

[2] Pursuant to sec. 6330(d), petitioner has 30 days after the entry of our order to file an appeal regarding the sec. 6702 penalties with the appropriate United States District Court.

tax liability.  In that regard, because of respondent's concession, petitioner's motion to dismiss is moot.  Accordingly, the Court holds that respondent may not collect petitioner's unpaid and outstanding income tax liability for 1992 with respect to the notice of intent to levy issued by respondent as to that year.  That holding provides petitioner with relief beyond what he asked for in his petition and motion as to the 1992 income tax liability over which we have jurisdiction.

To reflect the foregoing,

An appropriate order and decision will be entered.