T.C. Memo. 2005-42


UNITED STATES TAX COURT


MARDI RUSTAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3316-04L.              Filed March 7, 2005.


<u>Stephen M. Lopez</u>, for petitioner.

<u>John D. Faucher</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's motion for award of reasonable litigation costs.[1]  Unless otherwise noted, all section references are to the Internal

    [1]The parties appeared via video conference from Los Angeles, Cal., presenting oral arguments on the instant motions to the Court sitting in Washington, D.C.

Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of filing his petition, petitioner resided in Toluca Lake, California.

On January 21, 2004, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that a proposed levy to recover a section 6672 trust fund penalty liability with respect to petitioner's 1997 tax year was appropriate.[2] The first page of the notice of determination stated:

> If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.
>
>     *      *      *      *      *      *      *
>
> The time limit for filing your petition is fixed by law. The courts cannot consider your case if you file late. If the court determines that you made your

---

[2]SEC. 6672.  FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX.

(a) General Rule.-- Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.  No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

petition to the wrong court, you will have 30 days
after such determination to file with the correct
Court. [Emphasis added.]

Petitioner subsequently petitioned this Court for review pursuant to section 6330(d). Petitioner contended that he was not liable for the underlying tax liability because he was not a "responsible person" for purposes of collecting, accounting for, and paying over taxes as required by sections 6671 and 6672.

Before answering the petition, respondent filed a motion to dismiss for lack of jurisdiction pursuant to section 6330(d)(1)(B) and Rule 53. In response, petitioner filed an opposition. Subsequently, petitioner filed a motion for award of reasonable litigation costs. On October 13, 2004, the parties presented oral arguments before this Court with regard to respondent's motion to dismiss for lack of jurisdiction and petitioner's motion for award of reasonable litigation costs.

Discussion

Motion To Dismiss for Lack of Jurisdiction

Section 6330 provides persons liable for tax with the right to a hearing with the Commissioner's Appeals Office before the Secretary may levy upon the property of such persons.[3] The

---

[3]SEC. 6330. NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

(a) Requirement of Notice Before Levy.--

(1) In general.--No levy may be made on any property or right to property of any person unless the
(continued...)

determination of the Commissioner's Appeals Office is subject to

judicial review, pursuant to section 6330(d)(1):

> SEC. 6330(d).  Proceeding After Hearing.--
>
> (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
>
>> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>>
>> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

The jurisdiction of this Court to review administrative

determinations with respect to levy actions, therefore, is

limited to actions in which we have jurisdiction of the

underlying tax liability.  See sec. 6330(d)(1)(B).

Petitioner does not argue that this Court has jurisdiction

over the underlying section 6672 liability that is the subject of

---

[3](...continued)
Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.  * * *

* * * * * * *

(b) Right to Fair Hearing.--

(1) In general.--If the person requests a hearing * * *, such hearing shall be held by the Internal Revenue Service Office of Appeals.

respondent's collection action.  Rather, petitioner contends that respondent waived the right to challenge this Court's jurisdiction by stating on the notice of determination that the proper method for disputing the determination was to file a petition with this Court.

Petitioner's contention is without merit.  We previously have held that this Court lacks jurisdiction to determine the liability of taxpayers with respect to penalties imposed by section 6672.  Moore v. Commissioner, 114 T.C. 171, 175 (2000); Medeiros v. Commissioner, 77 T.C. 1255, 1260 (1981); Wilt v. Commissioner, 60 T.C. 977, 978 (1973).  In Moore v. Commissioner, supra at 175, we stated:  "Section 6672(c)(2) contemplates that the Federal District Court or the Court of Federal Claims shall have jurisdiction to determine a taxpayer's liability for a penalty imposed under that section.  The Tax Court does not have jurisdiction".[4]

---

[4]Whereas sec. 6672(c)(2) imposes procedural requirements for refund suits in U.S. District Courts and the U.S. Court of Federal Claims, sec. 6672 makes no reference to the jurisdictional authority of this Court.  Sec. 6672(c)(2) provides:

> (2)  Suit must be brought to determine liability for penalty.--If, within 30 days after the day on which his claim for refund with respect to any penalty under subsection (a) is denied, the person described in paragraph (1) fails to begin a proceeding in the appropriate United States district court (or in the Court of Claims) for the determination of his liability for such penalty, paragraph (1) shall cease to apply

(continued...)

The right to question the jurisdiction of this Court cannot be waived by the actions or inactions of a party.  David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268 (2000), affd. 22 Fed. Appx. 837 (9th Cir. 2001).  Consequently, respondent did not waive the right to challenge our jurisdiction over the underlying tax liability by instructing petitioner that the proper method for disputing the determination was for petitioner to file a petition with this Court.

For the foregoing reasons, we conclude that this Court lacks jurisdiction over the underlying section 6672 penalty in the instant case and that respondent's motion to dismiss must be granted.[5]  Petitioner, however, is not necessarily without

---

[4](...continued)
with respect to such penalty, effective on the day following the close of the 30-day period referred to in this paragraph.

[5]Petitioner also contends that respondent's motion to dismiss is premature because respondent failed to notify petitioner or petitioner's counsel before the filing of the motion pursuant to Rule 50(a), leaving petitioner with no opportunity to object to the motion.  This contention lacks merit.  Rule 50(a) provides:

> (a) Form and Content of Motion:  An application to the Court for an order shall be by motion in writing, which shall state with particularity the grounds therefor and shall set forth the relief or order sought.  The motion shall show that prior notice thereof has been given to each other party or counsel for each other party and shall state whether there is any objection to the motion.  If a motion does not include such a statement, the Court will assume that there is an objection to the motion.

(continued...)

remedy. Pursuant to section 6330(d), petitioner has 30 days to file an appeal with the appropriate U.S. District Court.

Motion for Reasonable Litigation Costs

Section 7430(a) provides that the prevailing party in a court proceeding brought by or against the United States in connection with the determination or collection of a tax, interest, or penalty may recover reasonable litigation costs.[6] Section 7430(c)(4)(A) defines "prevailing party" as follows:

(4) Prevailing Party.--

(A) In general.--The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--

---

[5](...continued)
Where notice of a motion is not provided, objection to the motion is assumed by this Court. Id. Accordingly, petitioner's objection to respondent's motion to dismiss was assumed, and petitioner has been permitted ample opportunity to voice the objection to this Court.

[6]Sec. 7430(a) provides in part:

SEC. 7430. AWARDING OF COSTS AND CERTAIN FEES.

(a) In General.--In any * * * court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--

* * * * * * *

(2) reasonable litigation costs incurred in connection with such court proceeding.

> (i) which--
>
>> (I) has substantially prevailed with respect to the amount in controversy, or
>>
>> (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and
>
> (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

Section 7430(c)(4)(A)(ii) effectively limits the award of litigation costs to parties with net worth of $2 million or less.[7] <u>Stieha v. Commissioner</u>, 89 T.C. 784, 790 (1987). Consequently, to qualify as the prevailing party pursuant to section 7430(c)(4), a party must, inter alia, (1) "substantially prevail" with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) satisfy the $2 million net worth limitation. The taxpayer bears the burden of proving that the foregoing two requirements have been satisfied. Rule 232(e); <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987).

Section 7430(c)(4)(B) provides the following exception to

---

[7]Rule 231(b)(4) requires that a motion for award of reasonable litigation costs contain a statement, supported by an affidavit of the moving party, that the moving party meets the net worth requirement.

the definition of "prevailing party":

>    (B) Exception if United States establishes that its position was substantially justified.--

>    (i) General rule.--A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified.

Consequently, a party that satisfies the section 7430(c)(4)(A) definition of prevailing party is not treated as the prevailing party if the United States establishes that its position in the proceeding was substantially justified.  Sec. 7430(c)(4)(B)(i).

"Reasonable litigation costs" include reasonable court costs and reasonable attorney's fees.[8]  Such costs and fees must be

---

[8]SEC. 7430(c).  Definitions.--For purposes of this section--

>    (1) Reasonable litigation costs.--The term "reasonable litigation costs" includes--

>    (A) reasonable court costs, and

>    (B) based upon prevailing market rates for the kind or quality of services furnished--

>    (i) the reasonable expenses of expert witnesses in connection with a court proceeding, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States,

>    (ii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

>    (iii) reasonable fees paid or incurred for
(continued...)

based on prevailing market rates.  Sec. 7430(c)(1)(B).

Attorney's fees, generally, are capped at $125 per hour, with an

adjustment for inflation.  Sec. 7430(c)(1).

We understand petitioner's position to be that he

substantially prevailed with respect to the most significant

issue or set of issues presented pursuant to section

7430(c)(4)(A)(i)(II).  Without elaboration, petitioner contends

that he prevailed with respect to respondent's motion to dismiss

or with respect to petitioner's own motion for reasonable

litigation costs.  Petitioner makes no contention as to whether

the position of respondent was substantially justified or whether

petitioner satisfied the net worth requirements of section

7430(c)(4)(A)(ii).  Petitioner requests litigation costs of

---

[8](...continued)
> the services of attorneys in connection with the
> court proceeding, except that such fees shall not
> be in excess of $125 per hour unless the court
> determines that an increase in the cost of living
> or a special factor, such as the limited
> availability of qualified attorneys for such
> proceeding, the difficulty of the issues presented
> in the case, or the local availability of tax
> expertise, justifies a higher rate.

In the case of any calendar year beginning after 1996, the
dollar amount referred to in clause (iii) shall be increased
by an amount equal to such dollar amount multiplied by the
cost-of-living adjustment determined under section 1(f)(3)
for such calendar year, by substituting "calendar year 1995"
for "calendar year 1992" in subparagraph (B) thereof.  If
any dollar amount after being increased under the preceding
sentence is not a multiple of $10, such dollar amount shall
be rounded to the nearest multiple of $10.

$5,078.10, which represents 15.25 hours of service billed at $325 per hour, together with various miscellaneous costs.[9] Petitioner does not contend, however, that special factors justify the payment of attorney's fees at a rate higher than that prescribed by section 7430(c)(1).

We will deny petitioner's motion. The only issue presented by respondent's motion to dismiss for lack of jurisdiction is whether this Court has jurisdiction over the collection of petitioner's section 6672 penalty liability.[10] See sec. 7430(c)(7). As noted above, petitioner did not substantially prevail with respect to that issue.[11] Furthermore, petitioner failed to demonstrate that his net worth does not exceed $2 million, pursuant to section 7430(c)(4)(A)(ii). Consequently, petitioner is not the prevailing party in the proceeding before us.

Even if petitioner were the prevailing party, respondent's

_____

[9]In addition to billing petitioner $325 per hour for 15.25 hours of service, petitioner's counsel states that he advanced costs of $60 for filing the petition and $30.85 for postage, copying, and faxes. Petitioner's counsel added anticipated court parking costs of $17 and the $14 cost of "Federal Express Filing" the amended motion to the litigation cost total.

[10]We note that respondent has not yet filed an answer in this case. Consequently, respondent's only position with respect to petitioner's sec. 6672 liability is that this Court lacks jurisdiction over the issue. See sec. 7430(c)(7).

[11]Although petitioner contends that he prevailed with respect to the motion for litigation costs, that argument is circular, and we will not consider it.

position in the motion to dismiss for lack of jurisdiction was substantially justified; as we held above, we lack jurisdiction with respect to respondent's attempt to collect the section 6672 penalty from petitioner.  See Moore v. Commissioner, 114 T.C. 171 (2000).  Consequently, petitioner is not the prevailing party in the proceeding before us.

For the foregoing reasons, petitioner is not entitled to an award of reasonable litigation costs by this Court.[12]

Conclusion

We conclude that respondent's motion to dismiss must be granted because this Court lacks jurisdiction over respondent's collection of the underlying section 6672 liability from petitioner.  We further conclude that petitioner's motion for costs must be denied because petitioner is not the prevailing party.[13]  We have considered all remaining arguments and, to the

---

[12]We also note that sec. 7430(c)(1) permits the award of attorney's fees in excess of the prescribed limitation only where a special factor justifies a higher rate.  Petitioner's claimed rate of $325 per hour far exceeds the prescribed limitation, and petitioner has not demonstrated any special factor justifying such a rate.  See sec. 7430(c)(1)(B)(iii).

[13]We sympathize with petitioner's argument that respondent's notice of determination erroneously directed him to this Court. We do not know whether petitioner will refile this case in the District Court.  If he does, we express no view herein as to whether he would substantially prevail on the sec. 6672 issue and otherwise qualify for an award of litigation costs.  However, if he is otherwise entitled to such an award, we do not intend our holding that he did not substantially prevail on the jurisdictional issue in this Court to affect whether the District

(continued...)

extent not addressed above, conclude that they are irrelevant or without merit.

To reflect the foregoing,

<u>An order and order of dismissal for lack of jurisdiction will be entered, and petitioner's motion for award of litigation costs as amended will be denied</u>.

---

[13](...continued) Court includes costs petitioner incurred in this Court in an award under sec. 7430.