T.C. Summary Opinion 2005-186


UNITED STATES TAX COURT


WYN DEE STONE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1292-04S.            Filed December 22, 2005.


Wyn Dee Stone, pro se.

<u>Sylvia L. Shaughnessy</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended.

On December 23, 2003, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6330 (notice of determination) in which respondent sustained a proposed levy to collect the statutory interest and addition to tax relating to petitioner's 1998 tax liability. Pursuant to section 6330(d), petitioner seeks review of respondent's determination following an administrative hearing.

The issues for decision are: (1) Whether respondent abused his discretion in failing to abate interest for tax year 1998, and (2) whether respondent abused his discretion in failing to abate the addition to tax under section 6651(a)(3)[1] for tax year 1998.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts, and the attached exhibits are incorporated by this reference. Petitioner resided in Huntington Beach, California, at the time the petition was filed.

## I.   Settlement Proceeds From Lawsuit

In 1997, petitioner was the plaintiff in a lawsuit against Woody's Wharf, and others (defendants), wherein she alleged claims of sexual harassment and discrimination. In 1998,

---

[1] The parties have not clearly explained the nature of the addition in issue. We have concluded, based on an examination of the entire record, that petitioner seeks an abatement of the sec. 6651(a)(3) addition to tax.

petitioner and defendants entered into a Confidential Settlement Agreement and General Release (settlement agreement) wherein petitioner would receive $75,000 for pain and suffering regarding the alleged claims. Petitioner received $75,000 in settlement proceeds from Woody's Wharf in 1998. Woody's Wharf issued a Form-1099 MISC, Miscellaneous Income, to petitioner and reported the payment to the Internal Revenue Service.

## II. Tax Return

Petitioner timely filed a 1998 Federal income tax return reflecting a tax liability of $3,460. There was no remittance with the return. In March 2000, petitioner paid in full the outstanding tax liability, plus accruals of interest and an addition to tax for failure to timely pay the tax shown on the return.

## III. Adjustments and Notice of Deficiency

On July 26, 2000, respondent issued a 30-day letter to petitioner proposing changes to her 1998 return, resulting in an additional tax liability due from petitioner of $25,466. Petitioner disagreed with the proposed changes.

On December 6, 2000, respondent issued a notice of deficiency for 1998 determining a deficiency of $19,024, and an accuracy-related penalty under section 6662(a) of $3,805. Petitioner did not file a petition with this Court, but on December 12, 2000, petitioner's counsel submitted a letter to

respondent stating that petitioner excluded the $75,000 because petitioner was told by several people (including oral advice by an Internal Revenue Service (IRS) employee) that the $75,000 was not includable in petitioner's 1998 gross income. Upon the failure of petitioner to file a timely petition, the deficiency and penalty were assessed. Responding to inquiries from petitioner and petitioner's counsel, respondent abated the section 6662(a) penalty on June 4, 2001, but did not change the determination that the proceeds were includable in petitioner's 1998 gross income.[2]

## IV. Collection Proceeding

On May 27, 2002, respondent issued to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On June 9, 2002, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (hearing). At the November hearing,[3] petitioner asserted that the $75,000 was excludable from gross income and requested an abatement of penalties and interest. Petitioner submitted an offer-in-compromise (OIC) for $8,000, but it was rejected because petitioner had the ability to fully pay the tax liability by an installment agreement. On December 5, 2002, petitioner filed a

---

[2] Respondent assessed an addition to tax under sec. 6651(a)(3) on various dates in 2001.

[3] Petitioner met with representatives of the IRS a number of times between November 2002 and October 2003.

Form 843, Claim for Refund and Request for Abatement, requesting abatement of the interest, and addition to tax on the grounds that they were caused by IRS errors and delays.

V. Amended Return

On October 8, 2002, petitioner submitted to respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for taxable year 1998, amending the 1998 Federal income tax return to reflect the additional income of $75,000, and an increase in itemized deductions of $25,032 for legal fees and costs. Petitioner's $14,487 payment of her tax liability was credited on January 15, 2003. In September 2003, respondent processed the amended return, allowed the itemized deductions, and adjusted the return, decreasing petitioner's assessed tax. Nevertheless, there was still a balance due on petitioner's account for 1998.

VI. Notice of Determination

On December 30, 2003, respondent issued a notice of determination. The Appeals officer determined that petitioner was not entitled to an interest abatement because the delays in resolving her delinquent income tax liability were directly attributable to claims that she was not liable for the tax on the amounts she received in her lawsuit. Petitioner timely filed a petition on January 23, 2004.

Petitioner asserts that the interest and addition to tax should be abated due to inconsistent positions and administrative

delays by the IRS.  Respondent asserts that there was no abuse of discretion in failing to abate statutory interest because petitioner did not identify the errors or delays.  Respondent asserts that petitioner cannot challenge the addition to tax as part of the underlying tax liability because petitioner received a notice of deficiency and had a previous opportunity to contest the tax.

## Discussion

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations.  Sec. 6330(d).  Section 6330(c)(2)(A) provides that the taxpayer may raise any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the intended collection action, and alternative means of collection.  Additionally, the taxpayer may challenge the existence or amount of the underlying tax liability, including a liability reported by the taxpayer on an original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

Petitioner's underlying tax liability is not at issue because petitioner received a notice of deficiency on December 6,

2000, and petitioner did not file a timely petition. Accordingly, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Petitioner did not raise collection alternatives or argue that the failure of respondent to accept the OIC was an abuse of discretion. Accordingly, we need not consider whether the Appeals officer's refusal to accept the OIC submitted by petitioner was arbitrary, capricious, or without sound basis in fact or law. The only issues appear to be an abatement of interest and an addition to tax.

## I. Abatement of Interest

If, as part of a section 6330 proceeding, a taxpayer makes a request for abatement of interest, we have jurisdiction over the taxpayer's request for abatement that is the subject of the Commissioner's collection activities. Katz v. Commissioner, 115 T.C. 329, 340-341 (2000); Moore v. Commissioner, 114 T.C. 171, 175 (2000). This Court may order an abatement of interest if the Commissioner abuses his discretion in failing to abate interest. Sec. 6404(i)(1). The taxpayer must show that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As applicable for the year in issue, section 6404(e) permits the Commissioner to abate interest with respect to any

"unreasonable" error or delay resulting from a ministerial or managerial act.[4] The regulations define a ministerial act as a "procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place." Sec. 301.6404-2(b)(2), Proced. & Admin. Regs. The regulations define a managerial act as "an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel." Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.

Petitioner asserts that respondent provided inconsistent responses regarding the inclusion of the settlement proceeds in petitioner's gross income. The record indicates that respondent consistently informed petitioner that the settlement proceeds were includable in her 1998 gross income. There is nothing in this record indicating that petitioner was advised that the proceeds were excludable. In any event, even if respondent gave erroneous advice, it would not constitute a "managerial act".

---

[4] Sec. 6404(i), formerly sec. 6404(g), is applicable to requests for abatement after July 30, 1996. Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 302, 110 Stat. 1457 (1996). Further, sec. 301(a)(1) and (2) of TBOR 2 permits abatement of interest with respect to unreasonable error or delay from "managerial" acts, effective for interest accruing with respect to tax years beginning after July 30, 1996.

See id.  "A decision concerning the proper application of federal tax law (or other federal or state law) is not a managerial act." Id.; see also Nelson v. Commissioner, T.C. Memo. 2004-34 (incorrect advice is not considered a ministerial act). Petitioner has not identified specific errors or delays resulting from a ministerial or managerial act.  Respondent's determination is sustained on this issue

II.  Addition to Tax

A taxpayer may raise at a section 6330 hearing challenges to the existence or amount of the underlying tax liability for any tax period if the taxpayer did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute the addition to tax relating to her income liability.  Sec. 6330(c)(2)(B).

Section 6651(a)(3) imposes an addition to tax for failure to pay any amount, in respect of any tax required to be shown on a return which is not so shown, within 21 calendar days from the date of notice and demand of payment.  The addition to tax under section 6651(a)(3) is in an amount of 0.5 percent of the amount of such tax if the failure to pay the tax is for not more than one month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure to pay continues, not to exceed 25 percent in the aggregate.  The addition to tax under section 6651(a)(3) is imposed unless the

taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Since the section 6651(a)(3) addition follows from the failure to pay an amount after notice and demand, it is not subject to the deficiency procedures.  Sec. 6665(b).

It appears that the section 6651(a)(3) addition was assessed after notice and demand for payment of the tax liability. Petitioner did not have a prior opportunity to dispute this addition as it was not included in the notice of deficiency.  Id. Accordingly, we consider petitioner's claim in this proceeding. In this connection, petitioner did not present any evidence or explanation that the failure to pay was due to reasonable cause or that the addition to tax was otherwise improperly imposed. Respondent did not abuse his discretion in failing to abate the addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An appropriate decision will be entered for respondent.