T.C. Memo. 2006-94

UNITED STATES TAX COURT

MARS'S CONTRACTORS, INC., A FLORIDA CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11131-05L.                    Filed May 3, 2006.

Vera Elaine Gilford, for petitioner.

Justin Campolieta, for respondent.

MEMORANDUM OPINION

GOEKE, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  This case involves respondent's determination that a collection action is appropriate under sections 6320 and 6330.[1]

_____

[1]All section references are to the Internal Revenue Code in
(continued...)

Respondent argues that the underlying tax liability in question is employment taxes and that this Court's lack of jurisdiction over the underlying tax liability negates our jurisdiction under section 6330(d)(1)(B). Petitioner counters that this Court does have jurisdiction to review the status of employees pursuant to section 7436 and reasons that we do have jurisdiction of the underlying tax liability in question. However, petitioner concedes that the employment tax liabilities which are the subject of respondent's collection efforts do not involve the redetermination of the employment status of individuals.

The issue before us is whether we have jurisdiction to review respondent's determination regarding collection action of employment tax liabilities. As explained in more detail below, because this Court does not have jurisdiction of the underlying tax liability, respondent's motion will be granted.

<u>Background</u>

On May 10, 2005, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The notice of determination sustained a proposed notice of levy attempting to collect employment tax liabilities and penalties related to Forms 941, Employer's

---

[1](...continued)
effect at all relevant times.

- 3 -

Quarterly Federal Tax Return, filed for the quarters ending
September 30, 1999, and June 30 and September 30, 2002. The
amounts involved do not arise because of the determination of
employment status as described in section 7436. Rather,
petitioner's primary contentions relate to penalties.

On June 16, 2005, petitioner filed a timely petition seeking
a review of respondent's notice of determination. On July 29,
2005, respondent filed a motion to dismiss for lack of
jurisdiction. A hearing on respondent's motion, at which both
counsel for petitioner and counsel for respondent appeared, was
held on December 12, 2005, in Miami, Florida.

### Discussion

Petitioner asserts that this Court has jurisdiction of
employment tax issues involving employment status under section
7436.[2] Petitioner reasons that because we have jurisdiction of

---

[2]Sec. 7436(a) provides:

SEC. 7436. PROCEEDINGS FOR DETERMINATION OF EMPLOYMENT
             STATUS

    (a) Creation of Remedy.--If, in connection with
an audit of any person, there is an actual controversy
involving a determination by the Secretary as part of
an examination that--

        (1) one or more individuals performing
    services for such person are employees of
    such person for purposes of subtitle C, or

        (2) such person is not entitled to the
    treatment under subsection (a) of section 530
                                    (continued...)

employment tax issues in some instances, we have jurisdiction in the present case. Respondent counters that this is not a case involving redetermination of employment status.

This Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442. The Court's jurisdiction over collection matters under section 6330(d)(1) is limited to situations where the Court has jurisdiction over the "underlying tax liability". We read "underlying tax liability" in section 6330(d)(1)(B) to be case specific. Our jurisdiction in employment tax matters is likewise limited, and petitioner concedes that we would lack jurisdiction under section 7436 to address the merits of the employment tax and penalties which respondent is attempting to collect. Because we do not have jurisdiction over the underlying tax liability in this case, we do not have jurisdiction over the related collection action. See Moore v. Commissioner, 114 T.C. 171 (2000); see also Gorospe v. Commissioner, ___ F.3d ___ (9th Cir. 2006).

---

[2](...continued)
      of the Revenue Act of 1978 with respect to
      such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax court and shall be reviewable as such.

Under section 6330(d)(1), petitioner will have 30 days after our order in this case is entered to file an action in a District Court of the United States.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.